# United States District Court
## Eastern District of Michigan

| | |
|---|---|
| United States of America<br>    v. | **ORDER OF DETENTION PENDING TRIAL** |
| MAZEN MAZRAANI<br>    Defendant | Case Number: 09-20280 |

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I – Findings of Fact

(1) I find that this is not a presumption case. Defendant is charged with an offense under 18 U.S,C, 844 (arson). Although a crime of violence it does not carry a presumption of detention.

### Alternative Findings

√ I find that the government has established by a preponderance of the evidence that there is a serious risk that the defendant will not appear.

I find that the government has not established by clear and convincing evidence that there is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II – Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing established the following factors under 18 U.S.C. § 3142(g):

    (a) nature of the offense–arson of buildings for profit, insurance fraud, and related offenses.

    (b) weight of the evidence–Case involves numerous properties and a complex set of transactions leading to arson by profit. This case arises out a fire in a duplex in Detroit Michigan on December 20, 2006. Defendant and others (Government ex #1) are charged in several counts with several fires. The first matter addressed in testimony is a fire at 1026-1028 Waterman in Detroit. This property is an up/down duplex. Defendant had experienced financial difficulties and to solve this problem, he purchased the residential building June 21, 2006. Def bought insurance to cover building for one year, til June 21, 2007. An individual (not indicted but not identified on this record) advised def that defendant could get relief from his financial situation by buying the house and burning it for profit. The insurance would be greater if there were tenants. So, Ali (codef) and Mazraani entered into a lease but Ali never moved in, never paid security deposit. He was a "tenant" in name only. Abdullah Dubas (an alias of a codefendant) was also a "tenant" according to the paperwork.

It also appears that all defendants, including Fatima Houssein Toufaili, purchased insurance from the same agency within a short period of time. Documents were presented which were made to represent the tenancy but these were not based on fact. At time of insurance issuance, company sent a representative to inspect the property. (Govt #2a-f) Inspector reported that property appeared to be vacant. Fire occurred a few days after the insurance was issued. Public adjustor "Claims Inc" (paid on a percentage of the claim based on Michigan statute) used by all defendants for all fires and all claims. Mazraani entered into an agreement with codefendants

dba "Alex Home Rental." Proof of loss submitted through Claims Inc. [Claims Inc is not currently charged but investigation is ongoing]. Defendant received $140,000 to him alone. (The second payout was $50,000 for a hardware fire. There were other fires. Alleged millions of dollars insurance loss but specifics not available from agent or testimony at this time).

    (c) history and characteristics of the defendant

        1) physical and mental condition–not significant–no evidence of drug use. Defendant is 30 years old.

        2) employment, financial, family ties–defendant is a citizen of Lebanon. Entered the United States ten years ago. Defendant's parents and five siblings all reside in Lebanon. Defendant traveled to Lebanon and Saudi Arabia in December 2009. Defendant has a valid Lebanese passport. Defendant lives with his wife, sister-in-law, nephew, brother, and daughter in Dearborn. Defendant claims to own two real estate properties in this district with a total value of $5000 and a vehicle. Defendant is employed as a real estate agent for the last four years. Defendant has traveled to Canada for brief visits. Wife is born here and they have a child.

        3) criminal history and record of appearance–Defendant has a CCW permit.

    (d) probation, parole or bond at time of the alleged offense–not applicable

    (e) danger to another person or community–danger to other person would be inferred from the risk to firefighters and public with respect to the act of fires.

Pretrial services did recommend release, with surrender of passport and CCW permit and no firearms. I believe that this is not sufficient. I believe that defendant has the wherewithal to leave the court's jurisdiction and return to Lebanon where he has relatives, parents, etc. There are representations regarding an on-going nature of the case but I note that this fire occurred almost four years ago and the indictment was returned June 16, 2010. The transactions are complex and involve numerous businesses and individuals making a serious of fraudulent representations to obtain money by defrauding insurance companies. Court finds that the amount alleged in the indictment is not significant, but it also appears that there is a disparity between what he says he owns, and what he is represented to be with respect to a multi-million dollar real estate broker.

## Part III – Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

| | | s/Virginia M. Morgan |
|---|---|---|
| *Date* | October 8, 2010 | *Signature of Judge* |
| | | Virginia M. Morgan, United States Magistrate Judge |
| | | *Name and Title of Judge* |